| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: June 26, 2023 1:32 PM<br>FILING ID: B7E123199ED10<br>CASE NUMBER: 2023CV30453 |
| **Plaintiff:** MAXINE CORDOVA<br><br>**v.**<br><br>**Defendant:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Steven P. Johnston, #35153<br>BACHUS & SCHANKER, LLC<br>950 17th Street, Suite 1050<br>Denver, CO 80202<br>Phone: (303) 893-9800<br>Fax: Not Designated Pursuant to C.R.C.P. 5(b)(2)(D)<br>Email: steven.johnston@coloradolaw.net | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Maxine Cordova, through her attorneys, Bachus & Schanker, LLC, submits the following Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company and alleges and avers as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this action, Plaintiff Maxine Cordova ("Plaintiff") was a citizen and resident of Eagle County, Colorado with a mailing address of 1951 U.S. Highway 24, Unit #29, Minturn, Colorado 81645.

2. At all times relevant to this action, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") is and was an Illinois corporation registered with the Colorado Secretary of State as a foreign corporation with a principal office street address of 1 State Farm Plaza, Bloomington, Illinois 61710 and with a registered agent, Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

3. This Court has personal jurisdiction over the parties and subject matter jurisdiction over this action.

4. Venue is proper in the Boulder County District Court because Defendant State Farm is a foreign corporation, and Plaintiff designates this venue in Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates all previous allegations as though fully set forth herein *verbatim*.

6. On or about April 10, 2021, at approximately 3:10 p.m., Plaintiff was involved in a motor vehicle collision with Michael Sandoval at or near the intersection of Blue River Parkway beneath the Interstate 70 overpass (hereinafter "I-70") in Summit County, Colorado.

7. At or about the aforementioned date, time, and place, Plaintiff was the owner and restrained operator of a 2014 Subaru Outback (hereinafter the "2014 Subaru Outback") stopped at a traffic light on northbound Blue River Parkway beneath the Interstate 70 overpass.

8. At or about the aforementioned date, time, and place, Michael Sandoval was the owner and operator of a 1994 Chevrolet 150 pickup (hereinafter the "1994 Chevrolet 150") traveling northbound on Blue River Parkway beneath the Interstate 70 overpass directly behind the 2014 Subaru Outback operated by Plaintiff when Mr. Sandoval failed to stop and collided with the rear of the 2014 Subaru Outback causing injuries, harms, damages, and losses to Plaintiff.

9. At or about the aforementioned date, time, and place, Mr. Sandoval had a duty to exercise reasonable care in the operation of the 1994 Chevrolet 150.

10. At or about the aforementioned date, time, and place, the road was dry, and the weather conditions were clear.

11. At or about the aforementioned date, time, and place, as a result of Mr. Sandoval failing to yield the right of way, failing to keep a proper lookout, and failing to stop for traffic, the 1994 Chevrolet 150 operated by Mr. Sandoval struck the rear of the 2014 Subaru Outback operated by Plaintiff.

12. At or about the aforementioned date, time, and place, Mr. Sandoval's careless operation of the 1994 Chevrolet 150 was a direct and proximate cause of the aforementioned collision.

13. At or about the aforementioned date, time, and place, Mr. Sandoval's negligent operation of the 1994 Chevrolet 150 was a direct and proximate cause of the aforementioned collision.

14. At or about the aforementioned date, time, and place, Mr. Sandoval's reckless and/or willful and wanton operation of the 1994 Chevrolet 150 was a direct and proximate cause of the aforementioned.

15. As a direct and proximate result of the aforementioned collision, Plaintiff suffered bodily injury, damages, and losses, including, but not limited to, past and future economic damages, non-economic damages, physical impairment, and physical disfigurement.

16. At or about the aforementioned date, time, and place, Mr. Sandoval's careless, negligent, reckless, and/or willful and wanton operation of the 1994 Chevrolet 150 was a direct and proximate cause of Plaintiff's bodily injury, damages, and losses including, but not limited to, past and future economic damages, non-economic damages, past and future physical impairment and disfigurement.

17. At or about the aforementioned date, time, and place, Mr. Sandoval breached his duty to use reasonable care in the operation of the 1994 Chevrolet 150, without limitation, in the following ways:

   a. Failing to keep a proper lookout;
   b. Failing to yield the right of way;
   c. Failing to operate the 1994 Chevrolet 150 in a careful, safe, reasonable, and prudent manner;
   d. Failing to stop for traffic; and
   e. Causing injuries, damages, and losses to Plaintiff.

18. When Mr. Sandoval operated the 1994 Chevrolet 150 in a careless, negligent, reckless, and/or willful and wanton manner at or about the aforementioned date, time, and place, Mr. Sandoval was in violation of applicable Colorado statutes and ordinances, including, but not limited to: C.R.S. § 42-4-1401, Reckless Driving; C.R.S. § 42-4-1402(1), Careless Driving; and C.R.S. § 42-4-1402(2), Careless Driving Causing Bodily Injury.

19. Plaintiff is a member of the class for whose protection the aforementioned statutes and ordinances were enacted.

20. The aforementioned collision hereinabove described and the injuries, damages, and losses that Plaintiff suffered as a result of the aforementioned collision are the kind of injuries, damages, and losses sought to be prevented by the passage of the aforementioned statutes.

21. The above-mentioned statutory violations were a direct and proximate cause of the aforementioned collision.

22. The above-mentioned statutory violations were a direct and proximate cause of Plaintiff's injuries, losses, and damages.

23. As a direct and proximate cause and result of the careless, negligent, reckless, and/or willful and wanton breaches of the aforementioned duties by Mr. Sandoval on or about the aforementioned date, time, and place, the aforementioned collision occurred.

3

24. At all times relevant to this action, Mr. Sandoval and the 1994 Chevrolet 150 that he was operating were covered by a contract of insurance between Mr. Sandoval and Nationwide Mutual Insurance Company (hereinafter "Nationwide Insurance") with policy number 7205J 041815 (hereinafter "Nationwide Policy").

25. At all times relevant to this action, the Nationwide Policy included bodily injury coverage of $100,000 per person, $300,000 per accident.

26. At all times relevant to this action, Plaintiff was covered by a contract of insurance between Plaintiff and Defendant State Farm with policy number 159 3513-D22-06C (hereinafter the "State Farm Policy").

27. At all times relevant to this action, the State Farm Policy included uninsured/underinsured motorist ("UM/UIM") bodily injury coverage, which provided that Defendant State Farm would pay Plaintiff for damages and bodily injuries sustained by Plaintiff when she is injured by a negligent uninsured/underinsured driver.

28. At all times relevant to this action, the State Farm Policy provided UM/UIM benefits of $250,000 per person, $500,000 per accident.

29. At or about the aforementioned date, time, and place, Plaintiff was not at fault in causing the aforementioned collision or in causing Plaintiff's injuries, damages, and losses.

30. At or about the aforementioned date, time, and place, Plaintiff was not comparatively negligent in causing the aforementioned collision or in causing Plaintiff' injuries, damages, and losses.

31. Plaintiff's injuries, damages, and losses exceed Mr. Sandoval's bodily injury liability limits contained in the Nationwide Policy.

32. At all times relevant to this action, including at the time of the aforementioned collision, the State Farm Policy was in effect.

33. At all times relevant to this action, the State Farm Policy provided coverage to Plaintiff for damages and losses caused by underinsured or uninsured motorists, such as Mr. Sandoval.

34. Plaintiff has satisfied all conditions precedent under the applicable insurance policy with Defendant State Farm, and Plaintiff is entitled to recover underinsured benefits under the State Farm Policy.

35. Plaintiff is entitled to recover insurance benefits from Defendant State Farm pursuant to C.R.S. § 10-4-609 and the State Farm Policy as a result of the aforementioned collision.

36. Plaintiff is entitled to interest on her compensatory damages at the legal rate pursuant to C.R.S. § 13-21-101.

## FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim Against Defendant State Farm Mutual Automobile Insurance Company)

37. Plaintiff incorporates all previous allegations as though fully set forth herein *verbatim*.

38. At the time of the aforementioned collision that occurred on April 10, 2021, Mr. Sandoval and the 1994 Chevrolet 150 that Mr. Sandoval was operating were covered by a contract for insurance with Nationwide Insurance as detailed above.

39. Plaintiff's injuries, damages, harms, and losses exceed the bodily injury policy limits available from the Nationwide Policy as detailed above.

40. Plaintiff was not comparatively negligent with respect to either the aforementioned collision or Plaintiff's injuries, damages, and losses sustained as a result of and caused by the aforementioned collision.

41. At the time of the aforementioned collision, Plaintiff was covered by a contract of insurance with Defendant State Farm as detailed above, including a provision for UM/UIM benefits, which provided that Defendant State Farm will pay for damages and bodily injuries sustained by Plaintiff in the event she is injured by a negligent underinsured driver.

42. Mr. Sandoval was a negligent underinsured driver for purposes of UM/UIM benefits owed to Plaintiff under the terms of the State Farm Policy.

43. Plaintiff has satisfied all conditions precedent under the applicable insurance policy with Defendant State Farm, and Plaintiff is entitled to recover benefits under the State Farm Policy.

44. Defendant State Farm is liable for Plaintiff's injuries, damages, harms, and losses caused by Mr. Sandoval, the underinsured motorist, in accordance with the provisions of C.R.S. § 10-4-609 and the State Farm Policy.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Maxine Cordova requests judgment against Defendant State Farm Mutual Automobile Insurance Company in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; and physical impairment; attorney's fees; pre- and post-judgment interest on all damages at the highest rate

allowed by law computed from the date of the injury; costs and expenses including expert witness fees; and any other relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial to a jury of six (6) on all issues so triable.

Respectfully submitted this 26th day of June, 2023.

                                    BACHUS & SCHANKER, LLC

                                    By: s/ Steven P. Johnston
                                    Steven P. Johnston, #35153
                                    950 17th Street, Suite 1050
                                    Denver, CO 80202
                                    Phone: (303) 893-9800
                                    Email: steven.johnston@coloradolaw.net
                                    *Attorney for Plaintiff*

Plaintiff's address:
1951 U.S. Highway 24, Unit #29
Minturn, CO 81645